[No. 6700.   Decided September 11, 1907.]

IREDELL S. STONE *et al.*, *Appellants*, v. H. L. MOODY *et al.*,
                    *Respondents.*[1]

VENDOR AND PURCHASER — RESCISSION BY VENDORS — FRAUD—EVI-
DENCE—SUFFICIENCY.   In an action for the rescission, by vendors, of
a contract for the sale of land, the evidence is sufficient to show
that plaintiffs had been overreached by the fraudulent practices of
the defendant, where it appears that defendant persuaded them to
sign a receipt for $22,500, as a cash payment, upon defendants enter-
ing into a contract to resell a portion of the land for that sum, by
which receipt the balance of the land sold was released from the
conditions of the sale, while the defendant induced them to believe
that the receipt had no such effect, and was not a receipt for a cash
payment, it being unreasonable and inexplicable that the plaintiffs
would have signed such a receipt except under the understanding
represented to them by the defendant.

Appeal from a judgment of the superior court for Spo-
kane county, Kennan, J., entered November 8, 1906, upon
findings in favor of the defendants, after a trial on the merits
before the court without a jury, in an action to rescind a con-
tract for the sale of land.   Reversed.

*M. F.*, *T. P.*, and *C. C. Gose*, for appellants.
*W. H. Winfree*, for respondents.

ROOT, J.—This case was here once before, and may be
found reported in 41 Washington, page 680, 80 Pac. 617, to
which reference is made for a more complete statement of the
facts involved.   Upon the first trial a motion for nonsuit was
made at the close of plaintiffs' case, and no evidence was intro-
duced by defendants.   The court having sustained the latter's
motion, dismissed the action.   This court reversed the judgment
and remanded the case for a new trial.   Upon the second trial
both plaintiffs and defendants introduced evidence.   The trial
court made findings and conclusions in favor of defendants

[1]Reported in 91 Pac. 644.

and entered judgment and decree thereupon. From this the present appeal is prosecuted.

Appellants maintain that they did not know that the contract contained the provision requiring them to accept as cash any contracts of sale which respondent Moody might make of portions of the land to other persons. Taking into consideration the extraordinary character of this provision, the opportunity which it would afford for fraud, and considering the matter in the light of all the evidence adduced, we are satisfied that they did not know that said provision was in the contract. Subsequently when they signed the receipt for $22,500, on February 27, 1904, they learned that the provision above referred to was in the contract which they had signed. Moody having sold or pretended to sell a portion of the land to one Heller for $22,500, upon terms, requested appellants to sign a receipt for such sum as if the same were a cash payment. At first they declined to do so and asked time to take legal counsel concerning the same. They testified that Moody refused to give them any time, but threatened to bring action against them at once for heavy damages in case they did not immediately sign the contracts to Heller and the receipt in question; that he thereupon proceeded to explain to them that they did not understand the matter aright; that it was merely a matter of form, and did not deprive them of the right to receive full payment in cash before parting with title to the land; that he had made a sale to Heller, and it was necessary to have the contracts and this receipt signed in order that Heller, upon making full payment, would be entitled to get a deed from them; that he intended to deal rightly and honestly by them, and that this was not a receipt for cash but merely for the contracts which had been entered into by Heller, and that it was not intended to prevent them from getting full payment in cash before deeding the property.

They also testified that they did not understand in signing the receipt that it was as a receipt for cash, but were told by

Moody, and supposed and believed, that it was merely a receipt for the contracts with Heller; that they signed the receipt with the express understanding that it was merely a receipt for the contracts and a matter of form that was necessary to be gone through in connection with respondent's deal with Heller, and not intended as evidence of a cash payment to them, and that they did not receive the Heller contracts as equivalent to a cash payment, nor intend to give credit upon their contract with Moody for the sum of $22,500, or any sum whatsoever, by reason of said Heller contracts; that they relied upon the explanation and interpretation of the contract as thus given by Moody, and received the Heller contracts and signed the receipt only upon the understanding that their contract bore the interpretation which he had thus assured them of.

We are satisfied that the contention of the appellants is substantially correct. It is almost inconceivable that appellants would have signed the contract had they known it contained the clause requiring them to accept, as cash, contracts that respondent might make for the sale of certain portions of the land. That appellants, after discovering that the contract had this clause, would sign a receipt such as they did on February 27, 1904, with the purpose and intention of thereby giving respondent Moody a credit of $22,500 upon the purchase price for the lands sold by them, when they received no cash but only the contracts for the purchase of a portion of the land, would be a most remarkable circumstance. It would be unreasonable and inexplicable unless done under some such understanding as that testified to by appellants.

It appears from the evidence that Heller has paid nothing to appellants on the contracts made to him. Appellants have received only $1,500 on account of the sale to Moody.

The judgment of the honorable superior court is reversed and this cause remanded with the following instructions: Within ninety days from the filing of the remittitur with the

clerk of the superior court, the respondents may file with the clerk of that court a written statement that they accept the contract with appellants with the elimination of the clause requiring appellants to accept as cash, or give them credit for as cash, the Heller contracts, or any other contracts made, or to be made, for the sale of any portion of the land involved; and that they will accept such contract with appellants with the interpretation that the payments therein provided for shall be made by or for them at the times therein provided, in cash. If respondents file this statement in the manner indicated and shall, within said ninety days, pay to the clerk of the court for the benefit of these appellants the amount of all payments with interest thereon due under said contract up to said time, then said contract shall remain in force and effect with the interpretation as herein given. If respondents do not file such statement, or do not within said ninety days pay into said court for appellants the amount of payments and interest due up to said date, then the trial court shall enter an order and decree annulling and cancelling the contract entered into between appellants and respondents concerning said land, and appellants shall pay in to the clerk of that court, for respondents, all money, with interest, paid by respondents to appellants on account of such contract, less the amount of taxable costs allowed in this action to appellants against respondents. Appellants shall make said payment to the clerk of the court within ten days from the expiration of the ninety-day period hereinbefore mentioned.

HADLEY, C. J., FULLERTON, MOUNT, CROW, DUNBAR, and RUDKIN, JJ., concur.